```
IN THE DISTRICT COURT OF THE UNITED STATES
     FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                        3:11cv400
```

| | |
|---|---|
| JANET WHITE, | ) |
| | ) |
|    Plaintiff, | ) |
| | )    **MEMORANDUM** |
| Vs. | )    **OF DECISION** |
| | )    **and ORDER** |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|    **Defendant.** | ) |
| | ) |

**THIS MATTER** is before the court on the pro se plaintiff's Motion for Summary Judgment (#13), the Commissioner's Motion for Summary Judgment (#18), and the Memorandum and Recommendation of Honorable David S. Cayer, United States Magistrate Judge (#20). The court has before it plaintiff's Objections (#21) and the Commissioner's Response (#22). The court has considered the arguments of the parties, and the matter is now ripe for determination.

### FINDINGS AND CONCLUSIONS

**I.    Introduction**

Plaintiff has not objected to the Procedural History as set forth on pages one through three of the M&R. The court therefore adopts as its own such section of the M&R.

Plaintiff has objected to certain historical facts as found by Judge Cayer in his Discussion of Claim. However, such discussion by Judge Cayer was simply a summary of findings by the Administrative Law Judge, as follows:

> The ALJ further noted that he was not persuaded that Plaintiff had deficits in adaptive functioning, since she had functioned independently for decades, maintained a household, raised children, and held jobs. (Tr. 14). The ALJ ultimately concluded that Plaintiff's ability to perform a range of activities over a span of many

> years was inconsistent with a finding that she had deficits in adaptive functioning. (Tr. 14).

M&R, at 8. Judge Cayer did, however, review the administrative transcript and noted that

> Plaintiff stated in her Function Report that she was able to attend to her personal care, feed her cats, wash dishes, straighten her house, make beds, do laundry, sweep, vacuum, mop, prepare meals, and go shopping. (Tr. 126-129, 145-147). Plaintiff added that she spent time socializing with others during the week, could pay attention all day and follow spoken and written instructions, and that the only reason she was unable to manage money was that she had no income. (Tr. 129-131, 147, 149).

Id., at f.n. 7. After noting such self report of activities of daily living, Judge Cayer concluded that "the facts found by the ALJ clearly support the ultimate conclusion that Plaintiff suffered from her combination of impairments, but was not disabled." Id., at 8-9. Despite not citing where such evidence may be found in the administrative record, the court has noted plaintiff's objections and the hardships such objections clearly evince; however, such objections provide no basis for departing from Judge Cayer's conclusion and will be overruled.

## II. Legal Standard

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby,

718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Judge Cayer's M&R.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390; see Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996). The decision must be based on the record as a whole. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). The appellate court has emphasized that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."). If the Commissioner's decision is supported by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**III.    Discussion**

The court has carefully considered Judge Cayer's Memorandum and Recommendation, plaintiff's Objections, and defendant's Response. Further, the court has reviewed relevant portions of the Administrative Record, including the ALJ's determination as well as the decision of the Appeals Council. Based on such review, the court finds that Judge Cayer correctly determined that the ALJ's decision "contains substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC and his ultimate determination that Plaintiff was not disabled." M&R , at 9. The court adopts the M&R as the decision of this court.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Objections (#21) are **OVERRULED**;

(1) The Commissioner's Motion for Summary Judgment (#18) is **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment (#13) is **DENIED**;

(3) The Commissioner's decision is **AFFIRMED**; and

(4) Plaintiff's claim is hereby **DISMISSED**.

A judgment consistent with this Memorandum of Decision and Order shall be entered simultaneously herewith by the Clerk of Court.

### Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the

Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **60 days** from entry of this Order.  Failure to file a Notice of Appeal within the first 60-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the 30-day period after the time prescribed for filing an appeal.  Fed. R. App. P. 4(a)(5).  See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: March 30, 2012

Max O. Cogburn Jr.
United States District Judge